```
              IN THE UNITED STATES DISTRICT COURT
               FOR THE SOUTHERN DISTRICT OF OHIO
                         EASTERN DIVISION


MIGUEL A. SIANO,

          Plaintiff,
     vs.                             Civil Action 2:12-cv-367
                                     Judge Frost
                                     Magistrate Judge King
JERRY DENIS KING, et al.,

          Defendants.
```

## OPINION AND ORDER

This is a diversity action in which plaintiff alleges that he suffered injury as a result of a motor vehicle accident that occurred in West Virginia and which was allegedly caused by the negligence of defendant King while in the course and scope of the latter's employment with defendant Bright Trucking Company. Defendant King has filed a motion to dismiss for lack of personal jurisdiction over him. *Motion to Dismiss*, Doc. No. 9. Plaintiff has until August 1, 2012 to respond to that motion. *See Preliminary Pretrial Order*, Doc. No. 11. This matter is now before the Court on plaintiff's motion for leave to file an amended complaint. *Motion to Amend*, Doc. No. 10. Plaintiff's motion for an extension of time to reply in support of that motion, Doc. No. 23, is **GRANTED**. The Court notes that plaintiff's reply has been filed. *Reply*, doc. No. 24.

Plaintiff seeks to amend the complaint to join as an additional defendant Shoe Show, Inc., arguing that Shoe Show is an alter ego of defendant Bright Trucking. Plaintiff also appears to argue that, because Bright Trucking "has no independent existence" and because Shoe Show is alleged to have substantial contacts with Ohio, defendant

King, as an agent of Bright Trucking, is subject to the personal jurisdiction of this Court.

Plaintiff's motion is governed by Rule 15(a) of the Federal Rules of Civil Procedure.  That rule provides that "[t]he court should freely give leave [to amend] when justice so requires."  F.R. Civ. P. 15(a)(2).  "[T]he thrust of Rule 15 is to reinforce the principle that cases 'should be tried on their merits rather than the technicalities of pleadings.'" *Moore v. City of Paducah,* 790 F.2d 557, 559 (6th Cir. 1986) quoting *Tefft v. Seward*, 689 F.2d 637, 639 (6th Cir. 1982). The grant or denial of a request to amend a complaint is left to the broad discretion of the trial court.  *General Elec. Co. v. Sargent & Lundy,* 916 F.2d 1119, 1130 (6th Cir. 1990).  In exercising its discretion, the trial court may consider such factors as "undue delay, bad faith or dilatory motive on the part of a movant, repeated failures to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment [and] futility of the amendment."  *Foman v. Davis,* 371 U.S. 178, 182 (1962).

However, leave to amend is properly denied where the claim sought to be asserted by the amendment would not survive a motion to dismiss. *Kottmyer v. Maas*, 436 F.3d 684, 692 (6th Cir. 2006)("A district court may deny a plaintiff leave to amend his or her complaint. . . when the proposed amendment would be futile").  Defendant opposes the motion for leave to amend, arguing that plaintiff has failed to establish a claim of liability based on a theory of alter ego and that plaintiff's attempt to bolster a basis for the exercise of jurisdiction over defendant King amounts to fraudulent joinder.

Having considered the contentions of the parties, the Court concludes that, at this preliminary stage, plaintiff has sufficiently pled a claim based on a theory of alter ego liability. Whether or not this claim could survive a motion to dismiss should await resolution by the District Judge, should such a motion be filed by Shoe Show.

As noted *supra*, plaintiff has until August 1, 2012 to respond to defendant King's motion to dismiss for lack of personal jurisdiction.

**WHEREUPON** plaintiff's motion for an extension of time in which to file a reply in support of the *Motion to Amend*, Doc. No. 23, is GRANTED. The Court notes that plaintiff's reply has been filed. Plaintiff's Motion to Amend, Doc. No. 10, is also **GRANTED.** The Clerk shall file the tendered *Amended Complaint*, which is attached to the motion.

July 31, 2012                           *s/Norah McCann King*
                                              Norah McCann King
                                   United States Magistrate Judge